## Case No. 17,827.

### WILSON· v. PORTER.

[2 Cranch, C. C. 458.] [1]

Circuit Court, District of Columbia. April Term, 1824.

ACTION .ON NOTE — DECLARATION — INDORSEMENT BY AGENT.

A declaration upon a note payable to J. S., and averring that J. S., "acting by authority, and as agent of said defendant, indorsed the said note for and in behalf of the said defendant, by writing thereon the name of him the said J. S. as agent of the said defendant;" should also aver that the note was made payable to the said J. S. as the agent, and for and in behalf of the said defendant, otherwise the note will not appear to be indorsed by the said J. S. in the character in which it was made payable to him; and so no title in the plaintiff.

Assumpsit [by James C. Wilson] against [David Porter] the defendant as indorser of Edgar Patterson's note for $49.23, payable to John Shreve or order, sixty days after date, and indorsed, "for the Union Steamboat. John Shreve." The declaration contained a count upon the note, stating it to have been made by E. Patterson, payable to John Shreve, and that the said John Shreve, "acting by authority, and as the agent of the said defendant, indorsed the said note for and in behalf of the said defendant, by writing thereon the name of him the said John Shreve, as agent for said defendant."

Mr. Worthington, for defendant, objected to the note going in evidence.

THE COURT, however, (nem. con.) overruled the objection, but intimated an opinion that if a verdict should be obtained on that count, the judgment might be arrested, as it did not appear by that count that the note was made payable to Shreve in the same capacity in which he indorsed it; so that it would appear to be a note payable to Shreve, but indorsed by Porter; and so no title in the plaintiff.

Mr. Marbury then contended that the defendant would be liable as drawer of a bill on Patterson, the maker, in favor of the plaintiff, and

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

that Patterson would be considered as having accepted the bill.

CRANCH, Chief Judge, suggested that Patterson could not be considered as the acceptor, because he promised to pay only to the order of Shreve in his individual character; and Shreve's order was not made in that character, but as agent of Porter.

Mr. Marbury then abandoned the count upon the note, and relied upon the count for goods sold and delivered to the defendant, and gave evidence that Commodore Porter was owner of the Union Steamboat; that Shreve was his agent for the management of that boat, which plied as a passenger boat between Georgetown and Alexandria; and that the plaintiff furnished articles for the use of the boat.

Verdict for the plaintiff, $49.23.